UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Harley, #162293,<br><br>Plaintiff,<br><br>vs.<br><br>Roger Heaton;<br>Sheriff Cartwright;<br>Reddick Bowman;<br>John H. Smith;<br>John Doe, Sol.;<br>Carl Grant;<br>Diane S. Goodstein;<br>Edgar W. Dickson;<br>Lee S. Alford;<br>Mary Doe;<br>Liza Mizell;<br>John Davis,<br><br>Defendants. | C/A No. 3:07-3420-RBH-JRM<br><br>Report and Recommendation |

***Background of this Case***

The plaintiff is an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a life sentence for murder. The plaintiff's conviction was entered in the Court of General Sessions for Orangeburg County in 1989.

The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against twelve (12) persons associated with his former criminal case, appeal, and post-conviction case. Roger Heaton is a Sheriff's Detective employed by the Orangeburg County Sheriff's Department. Sheriff Cartwright

was the Sheriff of Calhoun County during the relevant times in this case. Reddick Bowman is a private attorney in Orangeburg, South Carolina. John H. Smith is a South Carolina Circuit Judge.[1] "John Doe" is a Solicitor for the First Judicial Circuit of South Carolina.[2] Diane Goodstein is a South Carolina Circuit Judge. Edgar W. Dickson, according to the plaintiff, is an "Attorney of the South Carolina Bar." Lee S. Alford is a South Carolina Circuit Judge. Mary Doe, according to the plaintiff, is a "Solicitor." Liza Mizell is the Clerk of Court for Orangeburg County. "John Davis" is the Clerk of Court for Lee County.[3] The plaintiff contends that the defendants violated his civil rights and "human" rights. In his prayer for relief, the plaintiff seeks release from prison or a re-trial, compensatory and punitive damages ranging from $25,000 to $1,500,000 (for a total of $2,850,000), and "Such other Relief as it May Appear that the Plaintiff is Entitled[.]"

***Discussion***

Under established local procedure in this judicial district, a careful review[4] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

---

[1]In the complaint, the plaintiff indicates that many of the defendants are "of the Court of Common Pleas of S.C."

[2]The South Carolina Bar's *2007-2008 Lawyers Desk Book* indicates that David Pascoe is the current Solicitor for the First Judicial Circuit of South Carolina.

[3]The South Carolina Bar's *2007-2008 Lawyers Desk Book* indicates that the Clerk of Court for Lee County is James I. Davis.

[4]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[5] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Since the plaintiff is challenging matters connected with his criminal case, the above-captioned case is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

[5] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

> caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). *See also Woods v. Candela*, 47 F.3d 545 (2nd Cir.) (plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, *Candela v. Woods*, 516 U.S. 808 (1995); *Treece v. Village of Naperville*, 903 F. Supp. 1251 (N.D. Ill. 1995); *Seaton v. Kato*, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D. Ill., February 28, 1995); and *Smith v. Holtz*, 879 F. Supp. 435 (M.D. Pa. 1995), *affirmed*, 87 F.3d 108 (3rd Cir.), *cert. denied*, *Wambaugh v. Smith*, 519 U.S. 1041 (1996).

Until the plaintiff's conviction for murder is set aside, any civil rights action based on the convictions, sentence, and related matters will be barred because of the holding in *Heck v. Humphrey*, *supra*. Even so, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Board*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D. Va. 1994).

It can be judicially noticed that the petitioner's conviction for murder has not been reversed, vacated, or set aside. In *Thomas Harley v. Charles Condon, et al.*, Civil Action No. 3:02-1341-TLW-JRM, the plaintiff brought a habeas corpus action with respect to his conviction for murder entered in the Court of General Sessions for Orangeburg County on August 2, 1989. After the undersigned on May 7, 2002, directed the respondents to file a return, the respondents filed a motion for summary judgment. The plaintiff (the "petitioner" in Civil Action No. 3:02-1341-TLW-JRM) was apprised of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). The plaintiff responded to the motion for summary judgment.

In a Report and Recommendation filed in Civil Action No. 3:02-1341-TLW-JRM on October 7, 2002, the undersigned recommended that the respondents' motion for summary judgment be granted. The parties in Civil Action No. 3:02-1341-TLW-JRM were apprised of their right to file timely written objections and the serious consequences of a failure to do so. No objections were filed. On November 6, 2002, the Honorable Terry L. Wooten, United States District Judge adopted the Report and Recommendation and granted summary judgment to the respondents.

The plaintiff's subsequent appeal in Civil Action No. 3:02-1341-TLW-JRM was not successful. On February 5, 2003, the United States Court of Appeals for the Fourth Circuit noted the absence of objections and dismissed the appeal. *Harley v. Condon*, 55 Fed. Appx. 220, 221, 2003 U.S. App. LEXIS® 1991 (4th Cir., February 5, 2003) ("Harley has waived appellate review by failing to file objections after receiving proper notice."), *cert. denied*, *Harley v. McMaster*, 540 U.S. 1115 (2004).

In the above-captioned civil rights action, this court may take judicial notice of the plaintiff's unsuccessful habeas corpus action, Civil Action No. 3:02-1341-TLW-JRM. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The three South Carolina Circuit Judges named as defendants are immune from suit. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271, 272 (1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[6] The entity known as the South Carolina Court Administration operates the

---

[6]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of (continued...)

State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See* Article V, Section 4 of the Constitution of the State of South Carolina; and *Bailey v. State*, 309 S.C. 455, 424 S.E.2d 503 (1992). South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See In the Matter of Peeples*, 297 S.C. 36, 374 S.E.2d 674 (1988).

Judges Alford, Goodstein, and Smith are entitled to summary dismissal because of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

Liza Mizell, the Clerk of Court for Orangeburg County, and Mr. Davis, the Clerk of Court for Lee County are immune from suit because of quasi judicial immunity. *See Cook v. Smith*, 812 F. Supp. 561, 562 (E.D. Pa. 1993); and *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In *Mourat v. Common Pleas Court of Lehigh County*, the

---

(...continued)
ratification to continue operating until Article V was fully implemented. *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D. Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D. Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

*Mourat v. Common Pleas Court for Lehigh County, supra*, 515 F. Supp. at 1076. *See also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969) ("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, *Sceifers v. Vail*, 506 U.S. 1062 (1993), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995), which overruled a 1972 case holding that clerks of court might be held liable for

negligent conduct in the filing of prisoner pleadings. The case overruled by *Pink v. Lester* was *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972).

The two "Solicitors" (John Doe and Mary Doe) are immune from suit insofar as their actions in the plaintiff's criminal case, appeal, and post-conviction case are concerned. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of a judicial circuit. Solicitors appoint Assistant Solicitors, who served at the pleasure of the Solicitor. *Anders v. County Council for Richland County*, 284 S.C. 142, 325 S.E.2d 538 (1985). Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Moreover, prosecutorial immunity extends to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-369 & nn. 3-4 (7th Cir. 1992), *cert. denied*, *Partee v. Houston*, 507 U.S. 1005 (1993).

The plaintiff's former attorneys — Mr. Bowman and Mr. Dickson — are subject to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a

federal right, and *(2)* did so under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

Although the plaintiff does not disclose whether Mr. Bowman and Mr. Dickson were retained, court-appointed, or public defenders, it is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)  (court-appointed attorney), *cert. denied*, 454 U.S. 1141 (1982); and *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).[7]

---

[7]The General Assembly of the State of South Carolina has recently replaced the county-based public defender system with a Circuit-based system.  *See* the Indigent Defense Act, 2007 S.C. Acts 108 (effective after the General Assembly's override of the Governor's veto on June 21, 2007), which establishes a "Circuit Defender" system.  The Preamble to the Act reads as follows:

> Whereas, the General Assembly finds that it is necessary to establish a statewide unified indigent defense system to provide effective assistance of counsel to indigent criminal defendants;  and
>
> Whereas, the General Assembly believes it is necessary to establish parity in benefits and salaries between prosecution and defense systems;  and
>
> Whereas, the General Assembly desires to ensure that the system is free from undue political interference and conflict of interest;  and
>
> Whereas, the General Assembly wishes to provide for the delivery of public defender services by qualified and competent counsel in a manner that is fair and consistent throughout the State;  and
>
> Whereas, the General Assembly's ultimate goal is to ensure that adequate public funding of a statewide public defender system is provided and managed in a fiscally responsible manner.

(2007 S.C. Acts 108).

The district court in *Hall v. Quillen*, *supra*, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

*Hall v. Quillen*, 631 F.2d at 1155 (citations omitted). *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."); and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).[8]

Even if the plaintiff had alleged conspiracy on the part of his former attorneys with the other defendants, such allegations will not defeat the applicability of *Heck v. Humphrey*. *See Parra v. New Hampshire*, 40 F.3d 1235 [Table], 1994 U.S.App. LEXIS® 31915, 1994 WESTLAW® 637001 (1st Cir., November 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983. Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between

[8]*Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (collecting cases).

> private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by *Heck*.

*Parra v. New Hampshire*, 1994 U.S.App. LEXIS® 31915 at *6, 1994 WESTLAW® at *2. *See also Gernard v. Idhe*, 1995 U.S. Dist. LEXIS® 2607, 1995 WESTLAW® 91326, *2 (N.D. Cal., February 28, 1995) ("There is no way that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question."); and *Pinnick v. Mellen*, 1995 U.S.Dist. LEXIS® 2883, *1, 1995 WESTLAW® 96923, *9 (D. Mass., February 28, 1995) (suit by prisoner against his former defense attorney: "The United States Supreme Court has made it clear that before a prisoner can seek injunctive or monetary relief that would call into question the validity of the conviction or sentence, he must have the conviction or sentence discredited by a state tribunal or by a writ of habeas corpus."). *Cf. Stubbs v. Hunter*, 806 F. Supp. 81, 82-83 (D.S.C. 1992); *Wetherington v. Phillips*, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table]; and *Joyner v. Abbott Laboratories*, 674 F. Supp. 185, 191 (E.D.N.C. 1987).

Sheriff Cartwright is immune from suit under the Eleventh Amendment. Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* Section 23-13-550, South Carolina Code of Laws; and 1975 S.C.Att'y.Gen'l.Op. No. 47 (January 22, 1975); and Section 23-13-10 of the South Carolina Code of Laws, which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department, and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Allen v. Fidelity and Deposit Company*, 515 F. Supp. 1185, 1189-1191 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the Sheriff, not the County),

*affirmed*, 694 F.2d 716 (4th Cir. 1982) [Table]; and *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State."). Indeed, any damages to the plaintiff, if awarded in this case, would be paid by the South Carolina State Insurance Reserve Fund. *Comer v. Brown*, *supra*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund.").

***Recommendation***

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since six (6) defendants in this case are immune from suit and the plaintiff seeks monetary damages from them, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). The plaintiff's attention is directed to the Notice on the next page.

October 22, 2007<br>Columbia, South Carolina

s/Joseph R. McCrorey<br>United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).